UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE MONROY VILLEDA, | CIVIL ACTION NO. 12-7449 (MLC) |
| Petitioner, | **MEMORANDUM OPINION** |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**COOPER, District Judge**

Petitioner, Jose Monroy Villeda, with the assistance of counsel, petitions for a writ of error coram nobis, asking this Court to set aside his 1992 state court conviction for a felony drug trafficking offense. That state conviction eventually resulted in his deportation, but he re-entered the United States without authorization. He was then prosecuted in this Court for illegal re-entry of a felon, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). While that federal prosecution was pending on our criminal docket here, petitioner filed this petition for writ of coram nobis, seeking to vacate the earlier state court conviction that caused his deportation. For the reasons stated, we will dismiss the petition for lack of subject matter jurisdiction.

BACKGROUND

Petitioner is a citizen of Honduras who entered the United States illegally and was residing in New Jersey prior to the events described here. He states that on December 2,

1991, he pleaded guilty in the Superior Court of New Jersey to the offense of possessing a controlled dangerous substance, cocaine, with intent to distribute within 1,000 feet of a school, contrary to N.J.S.A. 2C:35-5a(1) and 2C:35-7. (Petition, dkt. entry no. 1 at 4.) He states that his attorney did not advise him, prior to entering that plea, that a conviction on the charges would result in his deportation, and he was unaware of that fact. The judgment of conviction based upon that plea was entered on January 17, 1992. (Id. at 29.) As he later learned, that offense of conviction is an aggravated felony under federal law that rendered him subject to mandatory deportation. (Id. at 3-4.) Approximately fourteen years later, on or about June 6, 2005, deportation proceedings were commenced against him. He was ordered deported to Honduras on or about October 5, 2006. (Id. at 5-6.)

Petitioner re-entered the United States without authorization and returned to New Jersey, where his wife and children reside as United States citizens. He was apprehended and detained by Immigration and Customs Enforcement in or about October, 2011. (Id. at 5-6.) He filed this civil petition for coram nobis on November 30, 2012. (Id. at 1.)

Petitioner did, meanwhile, enter a guilty plea to a one-count Information charging him with illegal re-entry in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). That criminal case was also docketed in this Court. (See Information, filed in United States v. Jose Monroy-Villeda, Crim. No. 12-570 (MLC) ("Crim. dkt."), at crim. dkt. entry no. 1.) He was in custody and pending sentencing in that criminal case when he filed this coram

nobis petition on November 30, 2012.[1]  In that federal criminal case he was sentenced here on March 13, 2013, receiving a sentence of time served and three years of supervised release.  (Judgment of Conviction, crim. dkt. entry no. 21.)  Petitioner expected to be deported upon release from his criminal incarceration; it is likely that the deportation occurred soon after his sentencing.  That criminal case is now final, petitioner not having appealed.

Petitioner contends in his coram nobis petition that he received ineffective assistance of counsel when he entered his guilty plea in state court in 1991, because that counsel failed to advise him about the immigration consequences of his guilty plea to the drug trafficking charge.  He seeks to have this Court "grant a writ of coram nobis to vacate [that] guilty plea and sentence."  (Dkt. entry no. 1 at 2.)

Respondent filed an answer in January, 2013, in which it addressed the jurisdictional issue presented by this petition, and also discussed the substantive holding in Padilla v. Kentucky, 559 U.S. 356 (2010).  (Dkt. entry no. 7.)  Thereafter, when the Supreme Court announced its decision in Chaidez v. United States, 133 S.Ct. 1103 (2013), respondent filed a supplemental letter brief pointing out the Chaidez ruling "that 'Padilla does not have retroactive effect.'"  (Dkt. entry no. 8.)  This matter is thus fully briefed.  The Court will address the issues raised in the petition without oral argument.  See L.Civ.R. 78.1(b).

---

[1]  Petitioner is represented by private retained counsel in this coram nobis action.  He was represented by the Federal Public Defender in the federal prosecution for illegal re-entry.

## DISCUSSION

"Coram nobis is an extraordinary remedy that 'has traditionally been used to attack [federal] convictions with continuing consequences when the petitioner is no longer 'in custody' for purposes of 28 U.S.C. § 2255.'" United States v. Rhines, 640 F.3d 69, 71 (3d Cir. 2011). However, it is well settled in the Third Circuit that coram nobis is not available in a federal court as a means of attack on a state criminal judgment. Obado v. New Jersey, 328 F.3d 716, 718 (3d Cir. 2003). As the Obado court indicated, a coram nobis applicant must seek relief only in the court that issued the judgment that he seeks to attack, and if that is a state court judgment, petitioner "can seek coram nobis relief only in state court." Id.

Applying this principle here, it is clear that petitioner is seeking to attack the guilty plea from 1991 and the resulting conviction that he sustained in the Superior Court of New Jersey in 1992. His coram nobis petition, or its equivalent in state court practice, would accordingly have to be filed and litigated in the state court that issued that judgment.

The fact that petitioner was in federal custody in 2012, being prosecuted for the federal crime of illegal re-entry, at the time he filed his coram nobis petition in this Court, does not confer subject matter jurisdiction upon this Court to entertain this petition. The nature of the coram nobis writ, while somewhat "murky" in the jurisprudence, id., does require that the court that issued the conviction be the court to which the coram nobis petition be directed. "[T]he 'usages and principles of law' send an applicant seeking

coram nobis to the court that issued the judgment." In re Thompson, 449 Fed. Appx. 110, 111 (3d Cir. 2011) (quoting Lowery v. McCaughtry, 954 F.2d 422, 423 (7th Cir. 1992)). We will accordingly dismiss the petition without prejudice for lack of subject matter jurisdiction. The substantive claims of the petition will not be addressed here.

## CONCLUSION

Petitioner seeks a writ of coram nobis, asking this Federal District Court to vacate and set aside his 1992 conviction entered in the Superior Court of New Jersey. He claims that his state court guilty plea and conviction were based upon ineffective assistance of defense counsel because that counsel failed to inform him of the immigration consequences of such a conviction. Since then, he has been deported and has re-entered the United States illegally, and he has been prosecuted in this Court for the illegal re-entry.

We conclude that this Court lacks subject matter jurisdiction to adjudicate a petition seeking to set aside the 1992 state court conviction by writ of coram nobis. Therefore, the petition must be dismissed. The dismissal will be without prejudice so that petitioner may seek to file a similar petition in state court.

The Court will issue an appropriate Order and Judgment.

    s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated: January 16, 2014